# Murphy v. Citizens' Savings Bank of Owensboro.

### APPEAL FROM DAVIESS CIRCUIT COURT.

BILLS AND NOTES—WAIVER OF PROTEST—CONSIDERATION FOR INDORSE-MENT.

Held: 1. Protest and notice of protest of a bill may be waived, and this waiver may be express or may be inferred from circumstances after a considerable lapse of time.

2. Where a bill of exchange was renewed, an indorser of the new bill was liable thereon, whether or not he was liable on the old bill, the time secured to the principal debtor being a sufficient consideration for his indorsement.

OPINION OF THE COURT BY JUDGE HOBSON—DENYING REHEARING.

In the earnest petition for a rehearing our attention is called to a section in the charter of appellee by which all bills of exchange negotiable and payable at this bank are placed on the footing of foreign bills of exchange, and it is insisted that therefore protest was necessary of the original bills in renewal of which the bill sued on was executed. The opinion is not finally rested on the character of the original bills. If appellant had not been a party

to those bills at all, he would be bound on the bill in suit, which was accepted in lieu of the old bills, and by reason of which further time was secured to the principal debtor. The new bill is supported by a good consideration wholly independent of the old bills.    Protest and notice of protest of a bill are unnecessary when waived.    This waiver may be express, or it may be inferred from circumstances after a considerable lapse of time in a case like this.    The bare fact that the books of the bank do not show that protest was made or notice given is insufficient to show that appellee was delinquent in this respect.

When further indulgence has been secured to the principal by the renewal of the note, the promise of the surety is not without consideration.    If facts have been concealed from him by the holder of the note, and he has thus been procured to assume an obligation he would not have assumed but for the concealment, a different principle applies.    But where all the facts are known, and the surety voluntarily lends his credit to the principal to secure him further time, and it is a fair transaction, and substantially a borrowing and lending of money, the surety is bound, because by reason of his undertaking the lender has been induced to forego substantial rights, and can    not    be placed in statu quo.    Petition overruled.

(See original opinion on page 225.)